TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorneys
Federal Building, Suite 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-6607
(213) 894-2740
Facsimile: (213) 894-0115
E-mail: robert.conte@usdoj.gov
john.ellis3@usdoj.gov

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

WAHEEB G. ANTAKLY and
MARIA T. ANTAKLY,

Defendants.

No. 2:21-cv-02904

Complaint to Reduce Civil Money Penalties to Judgment

[Financial-account numbers redacted pursuant to FRCP 5.2]

**COMPLAINT**

The United States of America (United States), on behalf of its agency the Internal Revenue Service (IRS), brings this action to reduce to judgment unpaid civil money penalties owed by Waheeb G. Antakly and Maria T. Antakly. The United States complains and alleges on information and belief as follows.

**Authorization for Suit**

1. This action is brought pursuant to 31 U.S.C. § 3711(g)(4)(C) and in accordance with 31 U.S.C. § 5321 at the direction of the Attorney General of the United States and at the request of--and with the authorization of--the Chief Counsel of the IRS,

a delegate of the Secretary of the Treasury of the United States.

**Jurisdiction and Venue**

2. The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because the action arises under the laws of the United States and the United States is the plaintiff.

3. Venue properly lies in the Central District of California under 28 U.S.C. § 1391(c)(3) because neither defendant is resident in the United States. Additionally, venue properly lies in this district under 28 U.S.C. § 1396(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**The Defendants**

4. Waheeb G. Antakly (Waheeb) is made a party to this suit because he incurred, but failed to pay, civil money penalties (FBAR penalties) assessed under 31 U.S.C. § 5321(a)(5)(A) and associated regulations. Upon information and belief, Waheeb resides outside of the United States.

5. Maria T. Antakly (Maria) is made a party to this suit because she incurred, but failed to pay, FBAR penalties assessed under 31 U.S.C. § 5321(a)(5)(A) and associated regulations. Upon information and belief, Maria resides outside of the United States.

6. Waheeb and Maria (collectively, defendants) were married at all relevant times.

**Statutory Background**

7. 31 U.S.C. § 5314 requires certain United States persons, including United States citizens, to report certain transactions and relationships with foreign financial agencies.

8. Section 5314's implementing regulations require that "[e]ach United States person having a foreign interest in, or signature or authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which that relationship exists.

9. The relationship must be reported to the IRS on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts. That form is commonly called an "FBAR."

10. An FBAR is due no later than June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."

11. Under 31 U.S.C. § 5321(a)(5)(A), if any person "violates, or causes any violation of, any provision of section 5314" the Secretary of the Treasury is authorized to impose an FBAR penalty for that violation.

12. Unless a violation was willful as provided in 31 U.S.C. § 5321(a)(5)(C), the amount of any FBAR penalty "shall not exceed $10,000."

13. Under 31 U.S.C. § 5321(b)(1), an FBAR penalty may be assessed "at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed."

**Defendants Failed to Report Foreign Financial Accounts**

14. Defendants were United States citizens at all relevant times.

15. From 2005 through 2012, defendants had financial interests in, signature authority over, and/or otherwise controlled financial accounts outside of the United States.

16. Between 2005 and 2011, defendants had financial interests in, signature authority over, and/or otherwise controlled as many as eight and as few as three financial accounts at Bordier & Cie, a bank in Switzerland. The high balances and account numbers associated with defendants' Bordier & Cie accounts were as follows:

//

//

//

//

//

17.

| Account Number | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 |
|---|---|---|---|---|---|---|---|
| 0.840 | $2,483,046 | $1,495,235 | $730,611 | $194,336 | $133,488 | $22,922 | $13,680 |
| 0.840 | $1,425,000 | $1,400,000 | $1,000,000 | $150,000 | | | |
| 0.840 | $2,800,000 | $500,000 | | | $680,338 | | |
| 0.840 | $194,559 | $338,529 | $100,747 | $125,501 | $228,483 | | |
| 0.840 | $145,000 | | | | | | |
| 0.978 | | $156,527 | $127,335 | $30,355 | $32,489 | | |
| 0916 | $704,346 | $1,167,106 | $1,460,488 | $1,558,112 | $1,205,879 | | |
| 7605 | $653,726 | $1,357,631 | $1,410,067 | $1,448,181 | $982,051 | $750,780 | $712,415 |
| 0.826 | | | | $133,753 | $533,464 | $36,001 | $217,847 |
| 0.826 | | | | $121,766 | $129,870 | | |

18. In 2012, defendants had financial interests in, signature authority over, and/or otherwise controlled two financial accounts at HSBC Bank Oman SAOG (HSBC Oman), a bank in Oman. The high balances and account numbers associated with defendants HSBC Oman accounts during 2012 were as follows:

| Account Number | High Balance |
|---|---|
| 7-035 | $701 |
| 7-125 | $34,644 |

19. During each year between 2005 and 2012, defendants' foreign accounts, either individually or collectively, had balances in excess of $10,000.

20. Defendants were required by law to file FBARs reporting their financial interests in their foreign accounts for the years 2005 through 2012.

21. Defendants did not file timely FBARs disclosing their foreign accounts for the years 2005 through 2012.

**Reduction of Assessments to Judgment**

22. In 2016 and 2018, defendants and the IRS executed a series of agreements which extended through December 31, 2019, the dates for the IRS to assess FBAR penalties for the 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012 calendar years.

23. On or around April 9, 2019, the IRS timely assessed non-willful FBAR penalties against Waheeb as follows:

| Year | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|---|---|---|---|
| Bordier & Cie [redacted]0.840 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie [redacted]0.840 | $10,000 | $10,000 | $10,000 | $10,000 | | | | |
| Bordier & Cie [redacted]0.840 | $10,000 | $10,000 | | | | | | |
| Bordier & Cie [redacted]0.840 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie [redacted]0.840 | $10,000 | | | | | | | |
| Bordier & Cie [redacted]0.978 | | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie [redacted]0916 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie [redacted]7605 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie [redacted]0.826 | | | | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie [redacted]0.826 | | | | $10,000 | $10,000 | | | |
| Bordier & Cie [redacted]0.001 | | | | | $10,000 | | | |
| HSBC Oman [redacted]7-035 | | | | | | | | $500 |
| HSBC Oman [redacted]7-125 | | | | | | | | $500 |
| **Total** | **$70,000** | **$70,000** | **$60,000** | **$80,000** | **$80,000** | **$30,000** | **$30,000** | **$1,000** |

24.

25. Together, the FBAR penalties assessed against Waheeb total $421,000.

26. On or around April 15, 2019, notice and demand for payment of the FBAR penalties described in paragraph 24 was sent to Waheeb at his last-known address. Waheeb, however, has not paid the penalties.

27. As of May 1, 2020, the unpaid balance owed to the United States by Waheeb for the FBAR penalties, including late payment penalties and interest, was $449,905.

28. On or around May 9, 2019, the IRS timely assessed $421,000 of non-willful FBAR penalties against Maria as follows:

//

//

//

//

| Year | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|---|---|---|---|
| Bordier & Cie 0.840 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie 0.840 | $10,000 | $10,000 | $10,000 | $10,000 | | | | |
| Bordier & Cie 0.840 | $10,000 | $10,000 | | | | | | |
| Bordier & Cie 0.840 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie 0.840 | $10,000 | | | | | | | |
| Bordier & Cie 0.978 | | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie 0916 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | | | |
| Bordier & Cie 7605 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie 0.826 | | | | $10,000 | $10,000 | $10,000 | $10,000 | |
| Bordier & Cie 0.826 | | | | $10,000 | $10,000 | | | |
| Bordier & Cie 0.001 | | | | | $10,000 | | | |
| HSBC Oman 7-035 | | | | | | | | $500 |
| HSBC Oman 7-125 | | | | | | | | $500 |
| **Total** | **$70,000** | **$70,000** | **$60,000** | **$80,000** | **$80,000** | **$30,000** | **$30,000** | **$1,000** |

29. On or around May 17, 2019, notice and demand for payment of the FBAR penalties listed in the preceding paragraph was sent to Maria at her last-known address. Maria, however, has not paid the penalties.

30. As of May 1, 2020, the unpaid balance owed to the United States by Maria for the FBAR penalties, including late payment penalties and interest, was $449,905.

31. Interest, as provided by law, has accrued on the penalties assessed against each defendant and remains unpaid. Late payment penalties have also accrued.

32. The United States is entitled to a judgment against Waheeb in the amount of $449,905 plus additional accrued penalties, interest, and fees as provided by law.

33. The United States is entitled to a judgment against Maria in the amount of $449,905 plus additional accrued penalties, interest, and fees as provided by law.

//

//

//

WHEREFORE, the United States requests that the Court:

A. Enter judgment against Waheeb and in favor of the United States in the amount of $449,905, plus additional accrued penalties, interest, and fees as provided by law;

B. Enter judgment against Maria and in favor of the United States in the amount of $449,905, plus additional accrued penalties, interest, and fees as provided by law;

C. Award the United States its costs in bringing this action; and

D. Order such other relief as justice requires.

Dated: April 5, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

/s/ John D. Ellis
ROBERT F. CONTE
JOHN D. ELLIS
Assistant United States Attorney

Attorneys for the United States of America